NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT J. LUMPKIN,<br><br>       Plaintiff-Appellant,<br><br> v.<br><br>SIGH, Deputy #6076; et al.,<br><br>       Defendants-Appellees,<br><br> and<br><br>MAIL ROOM CLERKS, Snohomish County Jail; et al.,<br><br>       Defendants. | No. 19-35595<br><br>D.C. No. 2:17-cv-01644-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 2, 2020[**]

Before: LEAVY, PAEZ, and BENNETT, Circuit Judges.

Robert J. Lumpkin appeals pro se from the district court's judgment after a

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

bench trial in his 42 U.S.C. § 1983 action alleging excessive force while he was confined at Snohomish County jail. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error a district court's findings of fact following a bench trial and de novo its conclusions of law. *Huhmann v. Fed. Express Corp.*, 874 F.3d 1102, 1106 (9th Cir. 2017). We affirm.

The district court did not err in concluding that Lumpkin failed to prove, by a preponderance of evidence, that defendants violated his constitutional rights when defendants transported him to a new cell. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-74 (2015) (elements of an excessive force claim under the Fourteenth Amendment); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 788 (9th Cir. 2018) (elements of an excessive force claim under the Eighth Amendment). Nor did the district court clearly err in its factual findings. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety," its factual finding is not clearly erroneous.).

Contrary to Lumpkin's contention, the district court's denial of summary judgment on the ground of qualified immunity did not preclude it from later resolving the case in defendants' favor after a bench trial.

The district court properly granted summary judgment for defendant Nicholas because Lumpkin failed to raise a genuine dispute of fact as to whether

2                                                                                    19-35595

Nicholas personally participated in the incident. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (liability under § 1983 requires personal involvement).

We reject as unsupported by the record Lumpkin's contention that the district court considered impermissible character evidence.

Appellees' motions to file a document under seal (Docket Entry No. 9) and to transmit an exhibit (Docket Entry No. 10) are granted.

**AFFIRMED.**